FILED

2016 OCT 26 PM 1:02

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARIA LANDRUA,

    **Plaintiff,**

v.　　　　　　　　　　　　　　Case No.: 6:16-cv-1866-Orl-37-DCI

WORLDGATE VACATIONS LLC and
AD 1 VACATION TEAM, LLC,
    **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MARIA LANDRUA, by and through undersigned counsel, brings this action against Defendants, WORLDGATE VACATIONS LLC and AD 1 VACATION TEAM, LLC ("Defendants"), and in support of her claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §501.201 *et seq.*, the Internal Revenue Code, 26 U.S.C. §7434, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages under 29 U.S.C. § 215(a)(3).

2. This Court has subject matter jurisdiction under 28 U.S.C. §1331, 26 U.S.C. §7434, and 29 U.S.C. § 201 *et seq.*

3. Venue is proper in the Middle District of Florida because the events giving rise to these claims occurred in Orange County, Florida.

### PARTIES

4. Plaintiff is a resident of Orange County, Florida.

1

5. Defendants operate a Timeshare Company in Orange County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff fell within the definition of a "person" within the meaning of FDUTPA, including Fla. Stat. §511.211(2).

10. At all times material hereto, Defendants were engaged in "trade or commerce" within the meaning of FDUTPA.

11. The Internal Revenue Service ("IRS") will be notified of this Complaint as required under the Internal Revenue Code. In particular, 26 U.S.C. § 7434(d) provides that "[a]ny person bringing an action under [26 U.S.C. § 7434] Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court".

12. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

13. At all times material hereto, Defendants were an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

14. Defendants continue to be an "employer" within the meaning of the FLSA.

15. At all times material hereto, Defendants were and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

24. At all times material hereto, Defendants retained the right to control the manner and means by which Plaintiff performed her work.

25. At all times material hereto, Plaintiff did not engage in business distinct from that of Defendants.

26. At all times material hereto, Defendants set the hourly rate of pay for Plaintiff.

27. At all times material hereto, in an effort to avoid providing Plaintiff with the minimum benefits and protections afforded employees under Florida law, Defendants have willfully misclassified Plaintiff as an independent contractor, rather than an employee, despite the fact that the factual circumstances of the relationship between Defendants and Plaintiff demonstrates that Plaintiff is in fact an employee of the company.

28. Defendants paid Plaintiff without deducting any applicable taxes, for the purpose of intentionally avoiding its IRS obligations.

29. For these same tax years, Defendants paid Plaintiff by check without deducting any applicable taxes, for the purpose of intentionally avoiding its IRS obligations.

30. Defendants knew or should have known that it had a legal duty to withhold taxes from Plaintiff's earnings and to provide Plaintiff with W-2 Forms for each tax year during which Plaintiff worked.

31. Defendants' actions were willful, and showed reckless disregard for the provisions of the Internal Revenue Code.

32. At various times material hereto, Plaintiff worked hours in excess of forty hours within a work week for Defendants, and she was entitled to be compensated for these overtime hours at a rate equal to one and one-half times her regular hourly rate.

33. Defendants failed to pay Plaintiff an overtime premium for all of the overtime hours that she worked, in violation of the FLSA.

34. Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

35. Plaintiff realleges and readopts the allegations of paragraphs 1 through 34 of this Complaint, as though fully set forth herein.

36. In violation of FDUTPA, Defendants engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of its trade and commerce, and has thereby deprived Plaintiff of fundamental rights and privileges guaranteed to all employees under Florida law.

37. The actions of Defendants, in misclassifying Plaintiff's employment, are unfair and deceptive trade practices prohibited by Florida Statutes.

38. By and through Defendants' unfair, unlawful, and/or deceptive business practices described herein, Plaintiff has suffered injury in fact in that Defendants have obtained valuable property, money and/or services from Plaintiff, and has deprived Plaintiff of valuable rights and benefits guaranteed by law.

39. All of the acts described herein are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent, and/or unscrupulous, and thereby constitute unfair, unlawful and/or deceptive business practices in violation of FDUTPA.

40. Plaintiff is entitled to and does seek such relief as may be necessary to restore to her the money and property which Defendants have acquired, or of which Plaintiff has been deprived, by means of the above described unfair, unlawful and/or deceptive business practices.

**WHEREFORE**, Plaintiff demands:

(a) Judgment against Defendants and determination by the Court that Defendants violated the FDUTPA;

(b) Plaintiff's actual damages;

(c) All costs and attorney's fees incurred in prosecuting these claims; and

(d) For such further relief as the Court deems just and equitable.

## COUNT II – CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. §7434 (a)

41. Plaintiff realleges and readopts the allegations of paragraphs 1 through 34 of this Complaint, as though fully set forth herein.

42. By failing to provide Plaintiff with W-2 Forms for all of the tax years during which she was employed by Defendants, and failing to properly record, account for, and report to the IRS all of the monies paid to Plaintiff as compensation for all of the hours that Plaintiff worked during the course of her employment, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. § 7434.

43. Under the Internal Revenue Code, 26 U.S.C. § 7434, "[if] any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return".

*WHEREFORE*, Plaintiff demands:

(a) Costs attributable to resolving deficiencies, damages of $5,000.00 for Plaintiff, and damages resulting from the additional tax debt and additional time and expenses associated with any necessary correction.

(b) That Defendants be ordered to take all the necessary steps to correct the above identified information returns.

(c) All costs and attorney's fees incurred in prosecuting these claims; and

(d) For such further relief as the Court deems just and equitable.

## COUNT III– FLSA OVERTIME VIOLATION

44. Plaintiff realleges and readopts the allegations of paragraphs 1 through 34 of this Complaint, as though fully set forth herein.

45. During the statutory period, Plaintiff worked overtime hours while employed by Defendants, and she was not compensated for all of these hours in accordance with the FLSA.

46. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

47. As a result of the foregoing, Plaintiff has suffered damages.

*WHEREFORE*, Plaintiff demands:

a) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b) Judgment against Defendants stating that Defendants' violations of the FLSA were willful;

c) An equal amount to Plaintiff's overtime damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaratory judgment that Defendants' practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 26 day of October, 2016.

Respectfully submitted,

/s/ Luis A. Cabassa

**LUIS A. CABASSA**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: twells@wfclaw.com
**Attorneys for Plaintiff**

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th of October, 2016, a true and correct copy of this Complaint was served on Internal Revenue Service pursuant to 26 U.S.C. § 7434 (d) at 3848 W. Columbus Dr., Tampa, FL 33607.

*/s/ Luis A. Cabassa*

LUIS A. CABASSA
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: twells@wfclaw.com
**Attorneys for Plaintiff**