**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

CASE NO: 6:16-cv-1866-Orl-37-DCI

MARIA LANDRUA,

    Plaintiff,

v.

WORLDGATE VACATIONS LLC and
AD 1 VACATION TEAM, LLC,

    Defendants.
_____/

**JOINT MOTION TO APPROVE FLSA
SETTLEMENT AND TO DISMISS WITH PREJUDICE**

Plaintiff, MARIA LANDRUA ("Plaintiff"), and Defendants, WORLDGATE VACATIONS LLC and AD 1 VACATION TEAM, LLC ("Defendants"), hereby notify the Court that the Parties have resolved Plaintiff's Fair Labor Standards Act ("FLSA") claim raised in this matter and stipulate to the dismissal of all such claims in this action with prejudice. As such, the Parties file this Joint Motion to Approve FLSA Settlement and Dismiss with Prejudice and state as follows:

**FACTUAL BACKGROUND**

On or about October 26, 2016, Plaintiff filed a Complaint (Dkt. No. 1) against Defendants for violation of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §201, *et seq.* Plaintiff alleges that Defendants failed to pay her an overtime premiums for all hours that she worked in excess of 40 hours in violation of the FLSA.

1. Plaintiff also alleged claims under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla Stat. § 501.201, *et seq.* and the Internal Revenue Code, 26

U.S.C. § 7434 (Section 7434). Plaintiff later amended her Complaint to correct a clerical error.

2.     In Plaintiff's responses to this Court's Interrogatories (Dkt. No. 21), Plaintiff alleged that she was misclassified as an independent contractor and worked approximately 8 hours of overtime each week of her employment. Plaintiff calculated that she was owed $6,144.00 in unpaid wages excluding liquidated damages, fees, and costs.

3.     Pursuant to this Court's FLSA Scheduling Order, Defendants provided Plaintiff with her actual time and compensation records. The records reflected Defendants' position that Plaintiff was paid overtime wages when she worked overtime. Defendants denied that Plaintiff was entitled to any overtime wages.

4.     Counsel for the parties engaged in substantive settlement discussions regarding Plaintiff's claims. The parties reached an agreement to resolve Plaintiff's FLSA claim.

5.     The parties have memorialized the settlement terms in an FLSA Settlement Agreement, attached as Exhibit A.

**TERMS OF THE SETTLEMENT AGREEMENT**

6.     Under the Settlement Agreement, Plaintiff will receive payment in the amount of $5,000 in unpaid wages. Additionally, Wenzel Fenton Cabassa, P.A. will receive attorney's fees in the amount of $5,000.00. The attorney's fees were agreed to separately and without regard to the amount paid to settle the Plaintiff's FLSA claims. The attorney's fee and cost award did not in any way reduce Plaintiff's damages.

7.     Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982), the Court must review the FLSA settlement to determine if it is a "fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-44. There is no requirement that the Court do the same as to Plaintiff's additional claims against Defendants.

## MEMORANDUM OF LAW

In agreeing upon their settlement reached herein, the parties advise the Court that they obtained sufficient information to allow them to make informed decisions after having had the opportunity to analyze their respective claims and defenses. The parties also respectfully submit that the settlement reached among the parties should be approved by this Court as fair and reasonable. *See* 29 U.S.C. §216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Pursuant to *Lynn's Food*, the Court's review of the parties' Agreement is to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. Courts have routinely recognized a "strong presumption" in favor of finding a settlement fair. *See*, *e.g.*, *Gruendner v. Douce France Bakery, Inc.*, 2012 WL 3140917, *1 (M.D. Fla. Jul. 6, 2012); *Lalog v. Hilton Resorts Corp.*, 2011 WL 1659383, *1 (M.D. Fla. Apr. 4. 2012).

At all times material hereto, Plaintiff and Defendants were represented by counsel experienced in litigating Plaintiff's FLSA claim. Both the terms and conditions of the parties' settlement agreement and the settlement amount were the subject of arms-length negotiations between counsel. The settlement amount was based on information learned through the exchange of Plaintiff's statement of claim, pay records, and time records. The parties, therefore, respectfully submit that that the agreement they have entered into represents a reasonable settlement of Plaintiff's claims consistent with the intent and purpose of the FLSA and the requirements of *Lynn's Food. See*, *e.g.*, *Fernandez v. A-1 Duran Roofing, Inc.*, 2013 WL 684736, *2 (S.D. Fla. Feb. 25. 2013) (approving settlement where parties were represented by counsel).

Accordingly, the Court should approve the settlement as a fair resolution of a bona fide dispute.

Based upon the foregoing, the parties respectfully submit that the settlement reached herein was a reasonable settlement that was arrived at after due consideration. Pursuant to *Lynn's Food*, the parties request that the Court approve the parties' settlement as fair and reasonable and dismiss this case with prejudice.

Dated: May 5, 2017.

Respectfully submitted,

| | |
|---|---|
| s/Luis A. Cabassa<br>LUIS A. CABASSA<br>Florida Bar No.: 0053643<br>Wenzel Fenton Cabassa, P.A.<br>1110 North Florida Avenue, Suite 300<br>Tampa, Florida 33602<br>Direct Dial: (813) 379-2565<br>Main Number: (813) 224-0431<br>Facsimile: (813) 229-8712<br>E-Mail: lcabassa@wfclaw.com<br>E-Mail: twells@wfclaw.com<br>**Attorneys for Plaintiff** | s/Nancy A. Beyer<br>RICHARD W. EPSTEIN<br>Florida Bar No. 229091<br>MYRNA L. MAYSONET<br>Florida Bar No. 429650<br>NANCY A. BEYER<br>Florida Bar No. 59688<br>Attorneys for Defendants<br>GREENSPOON MARDER, P.A.<br>Capital Plaza I, Suite 500<br>201 East Pine Street<br>Orlando, Florida 32801<br>Telephone: (407) 425-6559<br>Facsimile: (407) 563-9665<br>myrna.maysonet@gmlaw.com<br>richard.epsetin@gmlaw.com<br>nancy.beyer@gmlaw.com<br>lorraine.kyser@gmlaw.com<br>**Attorneys for Defendant** |