# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MARIA LANDRUA,**

        **Plaintiff,**

**v.**                                                       **Case No: 6:16-cv-1866-Orl-37DCI**

**WORLDGATE VACATIONS LLC and**
**AD 1 VACATION TEAM, LLC,**

        **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:**    **JOINT MOTION TO APPROVE FLSA SETTLEMENT AND TO DISMISS WITH PREJUDICE (Doc. 24)**
>
> **FILED:**      **May 5, 2017**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

### I.   BACKGROUND.

On January 10, 2017, Plaintiff filed an amended complaint (the Complaint) against Defendants asserting the following claims: Count I alleges a violation of Florida's Deceptive and Unfair Trade Practices Act; Count II alleges civil damages for Fraudulent Filing of information returns under 26 U.S.C. § 7434(a); and Count III alleges unpaid overtime in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 255(a). Doc. 16.

On May 5, 2017, the parties filed the Joint Motion to Approve FLSA Settlement and to Dismiss with Prejudice (the Motion), along with the settlement agreement (the Agreement). Docs.

24; 24-1. The Agreement provides that Plaintiff will receive a total of $10,000.00 to settle her FLSA claims against Defendants, which represents $5,000.00 in unpaid overtime wages (which includes an unspecified amount of liquidated damages) and $5,000.00 in attorney fees and costs, the latter of which will be paid directly to Plaintiff's counsel. Docs. 24; 24-1. The parties request that the Court approve the Agreement and dismiss the case with prejudice. Docs. 24; 24-1.

## II. LAW.

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[1] *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The Court, before giving its approval, must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims. *See id*. at 1353-55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).

The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims

---

[1] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

The Court, in addition to the foregoing factors, must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[3] The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

## III. ANALYSIS.

### A. Settlement Amount.

This case involves disputed issues of liability under the FLSA, which issues constitute a bona fide dispute. Docs. 1; 16; 17; 18; 24 at 2-3; 24-1 at 3. The parties were represented by independent counsel who are obligated to vigorously represent their clients. According to Plaintiff's response to the Court's interrogatories, Plaintiff initially estimated that she was owed $6,144.00 in unpaid wages, and an equal amount of liquidated damages. Docs. 21; 24 at 2. The parties exchanged documents and records and engaged in substantive settlement discussions

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

regarding the validity of Plaintiff's allegations. Doc. 24 at 2-3. Defendants insist that Plaintiff was paid overtime wages when she worked overtime, and Plaintiff has alleged that she was misclassified as an independent contractor and was not paid for approximately eight hours of overtime each week that she worked. *Id*. The parties represent that the settlement negotiated between them is a reasonable resolution to a bona fide dispute concerning Plaintiff's entitlement to unpaid overtime wages. *Id*. The parties further represent that there was no fraud or collusion in the settlement negotiations, and the Court has no reason to suspect otherwise. Doc. 24-1 at 3. To resolve that dispute, the parties represent (and the Agreement provides) that Plaintiff will receive a total of $5,000.00. Docs. 24; 24-1.

After reviewing the Motion and Agreement, it is **RECOMMENDED** that the Court find the settlement to be fair and reasonable.

### B. The Terms of the Amended Settlement Agreement.

In addition to the settlement amount, the parties have executed the Agreement, which specifies that each party will take the necessary steps to seek approval of the Agreement and dismissal of this case with prejudice. Doc. 24-1 at 2. The Agreement further provides for a release of any FLSA claim by Plaintiff. *Id*. at 2-3. The Agreement does not contain a general release, confidentiality provision, non-disparagement clause, or other potentially problematic contractual provision sometimes found in proposed FLSA settlement agreements. Accordingly, upon review of the Agreement, the undersigned finds that is the terms of the Agreement are limited to claims for unpaid wages and do not affect the overall reasonableness of the settlement. Accordingly, it is **RECOMMENDED** that the Court find that the terms of the Agreement do not affect the reasonableness of the settlement

**C. Attorney Fees and Costs.**

Under the Agreement, Plaintiff's counsel will receive a total of $5,000.00 in complete satisfaction of all attorney fees and costs. Docs. 24 at 2; 24-1 at 2-3. The parties represent that the attorney fees and costs were "agreed to separately and without regard to the amount paid to settle the Plaintiff's FLSA claims." Doc. 24 at 2. The parties also represent that: "The attorney's fee and cost award did not in any way reduce Plaintiff's damages." *Id*. The settlement is reasonable to the extent previously discussed, and the parties' foregoing representations adequately establish that the issue of attorney fees and costs was agreed upon separately and without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Accordingly, pursuant to *Bonetti*, it is **RECOMMENDED** that the Court find the amount of the attorney fees and costs to be fair and reasonable.

**IV. CONCLUSION.**

Accordingly, it is **RECOMMENDED** that the Motion (Doc. 24) be **GRANTED** as follows:

1. The Agreement, (Doc. 24-1) be found to be a fair and reasonable settlement of Plaintiff's FLSA claims;
2. The case be **DISMISSED with prejudice**; and
3. The Clerk be directed to close the case.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R.

3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

    Recommended in Orlando, Florida on May 8, 2017.

                                      DANIEL C. IRICK
                                      UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy